IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

———————————————————————

| | |
|---|---|
| JIMMY DIAZ, PRO SE,<br>TDCJ-CID No. 1737301,<br>Previous TDCJ-CID No. 475593,<br>Previous TDCJ-CID No. 721195,<br>Previous TDCJ-CID No. 1201534,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BASSE, Doctor,<br>K. WALLACE, Medical Supervisor,<br>S. TENORIO, Nurse Practitioner,<br>NEAL UNIT FACILITY, and<br>OLIVER J. BELL,<br><br>    Defendants. | § § § § § § § § § § § § § § § § §    2:13-CV-0112 |

## REPORT AND RECOMMENDATION

Plaintiff JIMMY DIAZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that defendants were deliberately indifferent to his serious medical need of treatment for a skin condition he variously refers to as severe rash, scabies, and "whelps."

By his July 5, 2013 Amended Complaint, plaintiff requests compensatory damages of $2,000.00, punitive damages of $2,000.00, future medical costs, all court costs, including filing fees, and attorney's fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee

of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A.  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

By his July 24, 2013 responses to the Court's Questionnaire, plaintiff states he saw defendant BASSE for his skin condition and defendant BASSE incorrectly diagnosed him on June 3, 2012, prescribing a foot cream, and failed to refer plaintiff to a specialist.  Plaintiff says he saw him on several other dates as well, but didn't have enough time to provide the Court with further details.  Plaintiff says he saw defendant TENORIO about his skin condition on June 13, 2012 and she ordered Diphenharmine 50 mg., and on October 31, 2012, she ordered a shot of Kelogg, Cyrheptadine, and Triamcidalone Acetonide cream.  Plaintiff stated that, at various times, he had been treated with Hydrocortisone cream, Calamine lotion, Benadryl, and a steroid

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

cream, as well, but says these did not help and some made his condition even worse.

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Assuming, for purposes of this analysis only, that plaintiff's skin condition was a serious medical need, plaintiff's account of all the treatments he was prescribed demonstrates he was not treated with deliberate indifference by defendants BASSE and TENORIO. Instead, plaintiff was seen, diagnosed correctly or incorrectly, and treated with a variety of treatments. The facts plaintiff alleges will not support a claim of deliberate indifference against BASSE and/or TENORIO because they demonstrate each medical care giver exercised his or her professional medical judgment. Plaintiff's real complaint is, as he says, that "it was guesswork unproper

diagnose treatment . . ." and that the defendants refused to refer him to a dermatology specialist. At most, plaintiff's allegations might support a claim of medical negligence, if even that; however, allegations of medical negligence do not constitute a valid section 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

By his allegations, plaintiff has failed to state a claim against defendants BASSE and TENORIO on which relief can be granted.

As to defendant WALLACE, plaintiff does not allege she was his medical care giver; instead, he states she was the "license Nurse Medical Supervisor" and argues she "is legally responsible for over all operation Neal Unit facility Medical department . . . ."  Plaintiff says defendant WALLACE had knowledge there had been an outbreak of scabies but failed to refer plaintiff to a dermatologist.  Although plaintiff says defendant WALLACE had personal knowledge of his condition, he does not say how she gained such knowledge, since she was not his medical care giver.  Plaintiff has alleged no fact that shows defendant WALLACE had knowledge of facts indicating the treatment he was receiving from BASSE and TENORIO left plaintiff in substantial risk of serious harm or that WALLACE drew that inference.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

As to defendant BELL, plaintiff argues that, as the Director of TDCJ, "[h]e is legally responsible for over all operation of the TDCJ-CD and its employees acts of omission . . . and the welfare of the offenders therein."  He says BELL knew of "unhuman living condition, and unproper medical treatment at its facilitys [and] . . . unproper drinking water [sic et passim]." Plaintiff has not alleged facts showing inhuman living conditions, constitutionally deficient medical treatment, or non-potable drinking water and has not alleged how defendant BELL would have knowledge of such facts.

Plaintiff's claims against defendants BELL and WALLACE are clearly based upon their supervisory capacities.  Assuming for purposes of this analysis, that the other defendants are within defendant BELL's and/or WALLACE's supervision, the acts of subordinates trigger no individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (per curiam ).  Plaintiff has alleged no fact demonstrating personal involvement by defendant BELL or defendant WALLACE and has alleged no fact showing any causal connection between their acts and the alleged constitutional violation.  Consequently, plaintiff's allegations against defendant BELL and against defendant WALLACE fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JIMMY DIAZ be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of July, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).